

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2024

**MEMO ENDORSED**

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MURIEL GOODE-TRUFANT**
Corporation Counsel

**BRIAN FRANCOLLA**
*Senior Corporation Counsel*
Tel.: (212) 356-3527
Fax: (212) 356-3509
bfrancol@law.nyc.gov

December 16, 2024

**BY ECF**
Honorable Katherine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> **APPLICATION GRANTED:** The Discovery deadline in this matter is hereby extended until **January 31, 2025.** The Settlement Conference scheduled for January 13, 2025 is hereby adjourned. Counsel is directed to file a joint status letter by **February 7, 2025.**
>
> APPLICATION GRANTED
>
> *Katharine H. Parker*
>
> Hon. Katharine H. Parker, U.S.M.J.
>
> 12/16/2024

Re:  Tracy McCarter v. City of New York, et al., 23 CV 9652 (GHW) (KHP)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and one of the attorneys assigned to the defense of the above-referenced matter on behalf of Defendants. In that capacity, I write with consent of Plaintiff's counsel, to respectfully request that the discovery deadline in this matter be adjourned from December 31, 2024, until January 31, 2025. The reason for this request is that while the parties have been diligently litigating this matter to completion, circumstances outside of our respective control have pushed our ability to depose several witnesses until early January.

To date, in addition to conducting extensive document discovery, the parties have completed the following depositions: Defendant Cortez; Defendant Miah, Defendant Pagan and Defendant Cruz. Additionally, should the Court grant the instant request, we have scheduled what we expect to consist of all remaining depositions in this matter as follows: Plaintiff on December 20, 2024; former ADA Sara Sullivan on January 6, 2025; and newly added Defendant Aguila on January 8, 2025. As the parties have previously advised the Court, former ADA Sullivan is out on leave and we were unable to find a workable date for her deposition until January 6, 2025. With regard to Defendant Aguila, his relevance to the case was only ascertained during previously completed depositions and once it was, the respective schedules of counsel and Defendant Aguila prevented us from finding a workable date prior to January 8, 2025. Defense counsel was also largely unavailable for the month of November to participate in depositions due to a trial that lasted from November 18, 2024, until November 27, 2024. Thus, our limited availability during November combined with everyone's limited availability during

the upcoming holidays respectively necessitated that we push two of the remaining depositions into January. To the extent the parties are seeking an extension until January 31, 2025 – even though we expect to complete depositions by January 8, 2025 – is solely meant to address any unexpected scheduling issues that occur between now and then as well as address any new unanticipated discovery issues that may arise during the remaining depositions.

Should the Court grant the instant request, the parties further respectfully request that the settlement conference scheduled for January 13, 2025, be adjourned without date. Rather, should the Court grant the extension of time to complete discovery sought herein, the parties propose that we file a joint status letter one week after said date, on or before February 7, 2025. That status letter would address whether the parties believe an additional settlement conference would be fruitful. In that regard, the parties have had conversations about whether their respective positions have changed since the first settlement conference and we believe that answering that question will depend on how the remaining depositions proceed. In the event the parties' respective settlement positions have not changed since the first settlement conference, a further conference may not be fruitful. Additionally, the status letter would also address the anticipated scope of expert discovery as well as whether or not the parties can proceed with summary judgment briefing concurrent with same should settlement not be possible – particularly if such expert discovery is focused on plaintiff's damages rather than liability.

Thank you for your consideration herein.

Respectfully submitted,

/s/
Brian Francolla
Senior Counsel
Special Federal Litigation Division

cc:   All Counsel (By ECF)