USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 9/1/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRACY MCCARTER,

Plaintiff,

-v-

CITY OF NEW YORK, *et al.*,

Defendants.

1:23-cv-9652-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

Plaintiff's August 31, 2026 request to seal Dkt. No. 106-1 is granted. In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars sealing. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Having evaluated these factors, the motion to seal is granted. The documents sought to be sealed are judicial documents. However, the weight of the presumption is low; the information

sought to be sealed is limited to sensitive personal information concerning a nonparty that is unlikely to have any significance for the Court in considering the pending motion to exclude expert testimony. The factors that counsel against disclosure described in Plaintiff's letter, Dkt. No. 108—principally the privacy interests of the nonparty—outweigh the public's interest in disclosure of the redacted information at this time. As a result, the motion to seal is granted with respect to the specified redactions. This determination is made only with respect to the information at issue at this stage of the case and on this record.

Plaintiff is encouraged to review Rule 21.7 of the SDNY Electronic Case Filing Rules, which instructs parties on how to properly address urgent requests to seal filed documents containing sensitive or confidential information. Under this rule, parties can contact the ECF Help Desk via email at helpdesk@nysd.uscourts.gov to temporarily seal the filing until the presiding judge formally rules on their request.

The Clerk of Court is directed to restrict the viewing level of Dkt. No. 106-1 to the Court only and terminate the motion pending at Dkt. No. 108.

SO ORDERED.

Dated: September 1, 2026
New York, New York

GREGORY H. WOODS
United States District Judge